IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:03-CR-187-BO
NO. 5:14-CV-376-BO

| | |
|---|---|
| LESLIE FOSTER BRYANT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 35] and respondent's motion to dismiss [DE 39]. For the reasons stated herein, respondent's motion is GRANTED and petitioner's motion is DISMISSED.

## BACKGROUND

On September 24, 2003, petitioner pled guilty, pursuant to a written plea agreement, to two counts of bank robbery and aiding and abetting same, in violation of 18 U.S.C. §§ 2114 and 2. [DE 15]. On June 8, 2004, the Court sentenced petitioner to 188 months' imprisonment as to both counts, with the terms to run concurrently with each other. [DE 22]. Petitioner did not appeal the judgment.

On June 30, 2014, petitioner filed the instant motion. [DE 35]. Petitioner argues that, pursuant to *Descamps v. United States*, 133 S. Ct. 2276 (2013), he was improperly sentenced as a career offender under the sentencing guidelines. [DE 35 at 4–7]. The government has moved to dismiss the motion. [DE 39].

## DISCUSSION

The government contends that Mr. Bryant's motion is untimely and not subject to equitable tolling. The Court agrees. A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final, (2) the date on which an impediment to making a motion that is created by the government is removed, (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review, or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)–(4).

Petitioner's petition is untimely under § 2255(f)(1). Petitioner's judgment became final on July 16, 2004, the date on which his opportunity to file a notice of appeal expired, and therefore had until July 16, 2005 to timely file his § 2255 motion. *See United States v. Osborne*, 452 F. App'x 294, 295 (4th Cir. 2011) (unpublished) ("Osborne was required to file his § 2255 within one year from the date on which his judgment of conviction became final by the conclusion of direct review or expiration of the time for seeking such review."). Given that petitioner did not file his motion until June 2014, it is untimely under § 2255(f)(1).

The petition is also not timely under any of the other limitations periods contained in § 2255(f). Although "facts" in the context of § 2255(f)(4) have been held to include court rulings and the legal consequences of known facts, *Johnson v. United States*, 544 U.S. 295, 308–09 (2005), the court ruling or legal consequence must have occurred in the petitioner's *own case*; in other words, court decisions that clarify the law as opposed to the facts supporting a particular petitioner's habeas claim may not serve as triggering events for purposes of the one-year limitations period. *United States v. Sawyer*, 552 Fed. App'x 230, 232 (4th Cir. 2014) As Mr. Bryant has pointed to no court order entered in his own case or other newly discovered fact that

2

might serve as a basis for triggering the limitations period under § 2255(f)(4), the instant petition is untimely. Section 2255(f)(2) is not applicable in this case as no governmental action affected the timeliness of his filing. Section 2255(f)(3) is also inapplicable here. The Supreme Court has not indicated that *Descamps* applies retroactively to cases on collateral appeal, and this Court is unaware of any Fourth Circuit opinion so holding.

Equitable tolling is also not available to render Mr. Bryant's petition timely. Petitioner has not demonstrated a reason to satisfy the high threshold for equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). In order to be eligible for such tolling, "the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing." *United States v. Terrell*, 405 F. App'x 731, 732 (4th Cir. 2010) (unpublished).

Petitioner's misunderstanding or unfamiliarity with the law cannot excuse his failure to timely file a § 2255 motion. *See United States v. Oriakhi*, 394 F. App'x 976, 977 (4th Cir. 2010) (unpublished) (holding that the petitioner's "unfamiliarity with the legal process or ignorance of the law [could not] support equitable tolling"); *see also Harris v. Hutchinson*, 209 F.3d 325, 330–31 (4th Cir. 2000) (holding that a "lawyer's mistake in interpreting a statutory provision" did not qualify as an extraordinary circumstance sufficient to "justify equitable tolling"). Petitioner has completely failed to allege facts sufficient to show that he was reasonably diligent in his efforts to timely file his § 2255 motion, or that extraordinary circumstances beyond his control made it impossible for him to file on time. Therefore, petitioner's motion does not give rise to a claim for equitable tolling.

As the Court is unaware of any basis upon which to find the petition timely, the Court must dismiss Mr. Bryant's petition as untimely.

3

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition. After reviewing the claims presented in the petition in light of the applicable standard, the Court finds that the petitioner's claims are not deserving of encouragement to proceed further. This Court hereby DENIES petitioner a certificate of appealability.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss is GRANTED and petitioner's §2255 petition is DISMISSED in its entirety. The Court hereby DENIES petitioner a certificate of appealability.

SO ORDERED.

This the __7__ day of October, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE